STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-02-183

FILED & ENTERED
SUPERIOR COURT

JUL 10 2003

PENOBSCOT COUNTY

Carly Filanowski,
Plaintiff

v.

Decision and Judgment

DONALD L. GARBRECHT
LAW LIBRARY

AUG 7 2003

John B. Leonard,
Defendant

Hearing on damages was held on July 7, 2003. The plaintiff was present with counsel. Although notice of the hearing was sent to the defendant, he did not appear. A default was previously entered against him.

The plaintiff's claim arises out of injuries she sustained in a single vehicle accident that occurred in October 2001. She was a passenger in a car that was operated by the defendant, who was intoxicated at the time. She does not remember the accident clearly (she was quite intoxicated at the time), but the medical records indicate that she did not lose consciousness. The most significant injuries that she sustained in the accident were a lacerated liver and injuries to her lower back, neck, shoulders and ankle. She also suffered minor injuries, such as bruises and cuts. She was taken from the accident scene by ambulance and eventually was admitted to EMMC. She was hospitalized for several days after the accident and was confined to bed. Then, for three months she lived at home with her parents but was unable to leave the residence because of her medical condition. The plaintiff is now 22 years old.

The injury to her liver, which was the most significant of the injuries the plaintiff sustained, has healed. However, despite this improvement, she is more vulnerable to reinjury than if she had not been injured in the first place. Damages cannot be awarded because of the prospects of another injury because the prospects for such an event are

1

entirely speculative. However, because of her greater susceptibility, the plaintiff must be more cautious, and this in turn bears on the type of activities she can engage in.

The plaintiff continues to have problems with her right shoulder, which causes her pain but has not limited her range of motion. Dr. Hanlon concluded in September 2002 that this problem is unrelated to the accident. The plaintiff had problems with her left shoulder, but Dr. Hanlon noted a year ago that it was "very minimal." The plaintiff also has chronic discomfort in her lower back. To help with this problem, the plaintiff takes medications, stretches and applies heat.

The combined effects of the injuries, including the ongoing discomfort and her increased vulnerability to abdominal injuries, have inhibited the plaintiff from engaging in an active lifestyle. Prior to the accident, she was involved in a number of sports and other activities. Since the accident, however, her lifestyle has been more sedate. While she has felt the emotional effects of this accident (for example, she is apprehensive about driving), those problems have not risen to the level where she has sought counseling, and there is no evidence that anyone has recommended therapeutic intervention.

The plaintiff has a very faint scar, which is faint and barely visible, on the side of her right abdomen, resulting from the accident.

The plaintiff complains that she gets sick more often now than prior to the accident. The evidence, however, does not allow the court to conclude that this phenomenon was caused by the accident.

The plaintiff's medical bills have amounted to nearly $18,000. All of these expenses are causally related to the accident. She does not seek recovery for future medical expenses.

The plaintiff seeks recovery for lost wages. At the time of the accident, she was unemployed. When questioned about this situation, she was unable to provide helpful information about how long she had been unemployed. The best available evidence suggests that she had been out of work for a considerable period of time prior to the accident. Based on this, the court cannot conclude that the period of unemployment following the accident is attributable to it. Although, for some time, she was physically unable to work, the plaintiff's difficult employment history even prior to the accident

2

raises too many questions about this aspect of her claim, and the court does not award damages for lost wages.

Based on these considerations, the court awards the plaintiff compensatory damages of $50,000.

She also seeks an award of punitive damages. As is noted above, the defendant was intoxicated when he caused the accident, and he was subsequently convicted of OUI. He was sentenced to 60 days in jail with additional suspended jail time. Prior to the accident, the plaintiff and other passengers in the car told the defendant to slow down. If he did respond to them, the response was inadequate to prevent the accident. The defendant's driving record reveals a history of recklessness on the roads. That record includes a 1998 conviction for driving to endanger, and six speeding convictions or adjudications (including one for 115 in a 65 zone). The plaintiff has shown by clear and convincing evidence that the defendant acted with implied malice toward the plaintiff, that is, that his conduct foreseeably would almost certainly result in harm to the plaintiff. Despite the fact that the defendant has been convicted for the conduct at issue here, an award of punitive damages is warranted. The court awards $15,000 in punitive damages.

The entry shall be:

For the foregoing reasons, judgment is entered for the plaintiff in the amount of $50,000 compensatory damages, $15,000 punitive damages, interest and costs of court.

Dated: July 8, 2003

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

3

CARLY FILANOWSKI  - PLAINTIFF
~~208~~ MAIN ROAD SOUTH
HAMPDEN ME 04444
Attorney for: CARLY FILANOWSKI
N LAURENCE WILLEY JR
WILLEY LAW OFFICES
15 COLUMBIA STREET, SUITE 501
PO BOX 924
BANGOR ME 04402-0924


Attorney for: CARLY FILANOWSKI
MARIE HANSEN
WILLEY LAW OFFICES
15 COLUMBIA STREET, SUITE 501
PO BOX 924
BANGOR ME 04402-0924



vs
JOHN B LEONARD  - DEFENDANT
RFD 1 BOX 163M
LAGRANGE ME 04453

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00183


**DOCKET RECORD**


Filing Document: COMPLAINT                    Minor Case Type: AUTO NEGLIGENCE
Filing Date: 10/11/2002

## Docket Events:

10/11/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/11/2002

10/11/2002 Party(s):  CARLY FILANOWSKI
          ATTORNEY - RETAINED ENTERED ON 10/11/2002
          Plaintiff's Attorney: N LAURENCE WILLEY JR

10/11/2002 Party(s):  CARLY FILANOWSKI
          ATTORNEY - RETAINED ENTERED ON 10/11/2002
          Plaintiff's Attorney: MARIE HANSEN

10/11/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/11/2002
          TO PLAINTIFF'S ATTORNEY

11/12/2002 Party(s):  JOHN B LEONARD
          SUMMONS - CIVIL SUMMONS FILED ON 11/08/2002

11/12/2002 Party(s):  JOHN B LEONARD
          SUMMONS - CIVIL SUMMONS SERVED ON 10/31/2002
          AS TO DEFT. JOHN LEONARD.

11/18/2002 Party(s):  JOHN B LEONARD
          MOTION - MOTION FOR ENLARGEMENT OF TIME FILED ON 11/15/2002
          BY PRO SE DEFENDANT.

11/26/2002 Party(s):  CARLY FILANOWSKI
          OTHER FILING - OTHER DOCUMENT FILED ON 11/25/2002
          PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO FILE LATE ANSWER.  EXHIBIT A ATTACHED.

12/03/2002 Party(s):  CARLY FILANOWSKI